UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GEORGE THOMAS PRESTON &
KATHRYN LYNN PRESTON on behalf of
DERRICK LEE CARDELLO-SMITH,

          Petitioners,

v.

DALE BONN et al.,

          Respondents.
_____/

Case No. 1:25-cv-895

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by George Thomas Preston and Kathryn Lynn Preston (Petitioners G. Preston and K. Preston) "as to Derrick Lee Cardello-Smith," a state prisoner (Prisoner Smith). (Petition, ECF No. 1, PageID.1.) Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioners G. Preston and K. Preston lack standing to pursue this action on behalf of Prisoner Smith.

**Discussion**

Petitioners G. Preston and K. Preston state that they were witnesses who attended a May 1, 1998, hearing regarding Prisoner Smith, and they claim that they were threatened at the hearing and now wish to recant their testimony. (*See, e.g.*, Petition, ECF No. 1, PageID.1, 3.) Petitioners seek to attack all of Prisoner Smith's state court criminal convictions in Michigan.[1] (*See* ECF No. 1-1, PageID.10); *cf.* Michigan Department of Corrections' Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009 (last visited Sept. 8, 2024) (listing the crimes that Prisoner Smith was convicted of). As relief, Petitioners G. Preston and K. Preston seek the release of Prisoner Smith from custody. (Petition, ECF No. 1, PageID.1.)

The habeas statutes authorize granting relief to a person in custody. *See* 28 U.S.C. § 2254 (authorizing consideration of an application for a writ "in behalf of a person in custody"); *id.* § 2241 (authorizing extension of the writ to prisoners "in custody"); *United States v. Chambers*, No. 4:13-CR-20254-TGB, 2020 WL 2526116, at *3 (E.D. Mich. May 18, 2020) (stating, with regard to parallel language in 28 U.S.C. § 2255, "standing is specifically limited to those 'in custody'"). Therefore, the Court concludes that Petitioners G. Preston and K. Preston, non-incarcerated individuals, do not have standing to bring a habeas claim on their own behalf.

---

[1] The Court notes that Prisoner Smith, himself, "has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive." *Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) (discussing the history of Prisoner Smith's prior habeas petitions). And, this is not the first time that a non-incarcerated individual has sought habeas relief on Prisoner Smith's behalf. *See, e.g.*, *Carpenter v. King et al.*, No. 1:24-cv-465 (W.D. Mich.). That action was dismissed for lack of standing.

Further, as to Petitioners G. Preston and K. Preston's attempt to bring this petition on Prisoner Smith's behalf, as explained below, Petitioners G. Preston and K. Preston lack standing to do so. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989); *see* Rule 2(c)(5), Rules Governing § 2254 Cases. "A 'next friend' does not [her]self become a party to the habeas corpus action in which [s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)

3

(citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition, which purports to raise claims on Prisoner Smith's behalf, does not satisfy these requirements in any respect. Specifically, Petitioners G. Preston and K. Preston have not shown why Prisoner Smith cannot file the habeas action on his own behalf, and Petitioners G. Preston and K. Preston have not shown how they are qualified to serve as Prisoner Smith's next friend. Accordingly, Petitioners G. Preston and K. Preston lack standing to pursue this action and the Court is without jurisdiction to consider it.[2]

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Court of Appeals for the Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).

---

[2] The Court notes that it appears that fabricated court transcripts were filed with the present petition. (*See* ECF No. 1-1, PageID.13–21.) Because the Court concludes that Petitioners' lack standing to pursue this action, the Court does not reach the merits of the claims presented in the petition, and therefore, does not address the use of fabricated court transcripts in this action.

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioners G. Preston and K. Preston lack standing to pursue this action, and, as a result, the Court lacks jurisdiction to consider it. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioners G. Preston and K. Preston's application should be dismissed for lack of jurisdiction. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioners G. Preston and K. Preston might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying a certificate of appealability and dismissing the petition without prejudice because Petitioners G. Preston and K. Preston lack standing to pursue this action and the Court is without jurisdiction to consider it.

Dated:   September 11, 2025              /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                           United States District Judge